Mr. Justice ThacheR
delivered the opinion of the court.
This is a proceeding against the president, directors and company of the Commercial and Railroad Bank of Yicksburg, under the statute of 1843, entitled “ An act to prescribe the mode of proceeding against incorporated banks for a violation of their corporate franchises, and against persons pretending to exercise corporate privileges, under acts of incorporation, and for other purposes.”
In the circuit court two motions were made and sustained, the injunction dissolved, and the information in the nature of a quo warranto quashed.
The first motion was made to dissolve the injunction and quash the information, »by the corporation, upon the ground that it was exceptéd out of the operation of the statute by the act of 1843.
*279 The fifth section of that act enacts that the provisions of the act shall not extend to the funds which legitimately belong to the state of Mississippi, or to the Commercial and Railroad Bank of Vicksburg, or to the West Feliciana Railroad and Banking Company, so as to affect the railroads and their operations.
The chief design of this statute is to prosecute to judgment of forfeiture of their banking franchises, such corporations as may have violated their corporate franchises. The judgment against the Commercial and Railroad Bank of Vicksburg, in the event of conviction, would probably be a judgment of forfeiture as t its banking franchises. It was not the intention of the law to exempt this corporation entirely from its operation, but merely to limit the extent of the judgment of forfeiture against it in the event any should be required. The motion should not therefore have been sustained in the circuit court, only so far as the railroad and its operations were concerned.
The same principle holds also as to the motion made by the assignees of the corporation. It could not be sustained so as to quash the information, or so as to dissolve the injunction, only so far as the interests of the assignees in the railroad are concerned.
The judgment must be reversed, and the cause remanded for further proceedings.